IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JERRILENE WASHINGTON** | * | **CIVIL ACTION NO. 3:09-CV-01343** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WYETH, INC. ET AL.** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to dismiss filed by defendants Wyeth, Inc. ("Wyeth"), and Schwarz Pharma, Inc. ("Schwarz"). Doc. #25. Plaintiff has opposed the motion, Doc. # 44, and the moving defendants have filed a reply. Doc. #51. The matter is now ripe, and, for reasons stated below, it is recommended that the motion be **GRANTED.**

## BACKGROUND

On August 3, 2009, plaintiff, Jerrilene Washington, individually and on behalf of the estate of Adell Washington, filed the instant suit in diversity, 28 U.S.C. § 1332, to recover damages for Adell Washington's ingestion of the drug Reglan/metoclopramide ("Reglan"). Doc. #1 at ¶ 10. Plaintiff alleged that Wyeth and Schwarz, among other defendants, were liable to her on claims sounding in negligence, misrepresentation and fraud, and failure to warn theories. *Id.* at ¶¶ 35-60.

On November 6, 2009, Wyeth and Schwarz filed the instant motion to dismiss on the basis that (1) plaintiff failed to identify the manufacturer which manufactured the Reglan that Adell Washington ingested; and (2) plaintiff's complaint failed to reference the Louisiana

Products Liability Act ("LPLA"), which provides "the exclusive theories of liability for manufacturers for damage caused by their products." LA. REV. STAT. ANN. § 9:2800.52.

On November 17, 2009, plaintiff filed a second amended complaint. Doc. # 17. While continuing to allege generally that defendants Wyeth and Schwarz manufactured Reglan/metoclopramide during the relevant time, and alleging liability of all defendants under the Louisiana Products Liability Act, plaintiff also specifically identified Watson Pharmaceuticals, Inc., as the manufacturer of the Reglan/metoclopramide ingested by plaintiff's decedent, and specifically identified the National Drug Code number as 00591-2229-01. *Id.* at ¶¶ 18, 22, 99-100.

## 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). However, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Indeed, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Finally, when a plaintiff pleads factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.*

## ANALYSIS

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In their memoranda, the instant parties both address plaintiff's claims in terms of Louisiana law, and thus implicitly agree that the substantive law of Louisiana applies to the instant dispute. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. 1997) (applying Louisiana law because no party disputed that Louisiana law governed);[1] *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 906 (E.D. La. 2007) (applying substantive law of plaintiff's home state in defective drug product case).

### a) LPLA Exclusivity

The LPLA provides "the exclusive theories of liability for manufacturers for damage caused by their products." LA. REV. STAT. ANN. § 9:2800.52. Thus, "a claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]." *Id.*

Accordingly, plaintiff's claims against Wyeth and Schwarz sounding in negligence, misrepresentation and fraud, and failure to warn theories are not viable as independent theories of recovery outside of the LPLA framework.

### b) Sufficiency of the LPLA Allegations

---

[1] In *Jefferson*, the Fifth Circuit's decision incorporated the underlying district court opinion, 930 F. Supp. 241 (E.D. La. May 31, 1996) (Vance, J.).

To hold a manufacturer liable under the LPLA, a plaintiff must establish: "damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." LA. REV. STAT. ANN. 9:2800.54 A. A product is unreasonably dangerous if, and only if, the product is: (1) unreasonably dangerous in construction; (2) unreasonably dangerous in design; (3) unreasonably dangerous due to an inadequate warning; or (4) unreasonably dangerous because it does not conform to an express warranty. LA. REV. STAT. 9:2800.54 B. The following elements thus comprise a cause of action under the LPLA: (a) the defendant is a manufacturer of the product; (b) the claimant's damage was proximately caused by a characteristic of the product; (c) the characteristic made the product unreasonably dangerous in one of the four ways provided in the statute; and (d) the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else. *Jefferson*, 106 F.3d at 1251. In light of the "proximate cause" requirement of element (b), a complaint which validly states a claim under the LPLA must identify the defendant as the manufacturer of the allegedly defective product. *Id.* at 1252-53.

While Plaintiff's second amended complaint makes general allegations that the moving defendants manufactured the product at issue, it specifically identifies Watson Pharmaceuticals, Inc., as the sole manufacturer of the Reglan/metoclopramide which Adell Washington ingested. For this reason, plaintiff's complaint does not state a valid LPLA claim against Wyeth or Schwarz. Accordingly, it is recommended that defendants Wyeth and Schwarz's motion to dismiss (Doc. #25) be **GRANTED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

**fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of January, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE